**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy King, | No. CV-25-03686-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Julia Owner LLC, et al., | |
| Defendants. | |

Plaintiff Troy King filed his original complaint on October 6, 2025. The court dismissed that complaint with leave to amend. (Doc. 6.) The dismissal order provided specific instructions on the changes King would need to make in an amended complaint if he wished to pursue his claims. (Doc. 6.) King filed an amended complaint, but on November 5, 2025, the court again determined King had failed to state a claim on which relief could be granted. (Doc. 8.) The court noted that despite its earlier order explaining what King would need to allege, the "amended complaint made no headway" in meeting the requirements. (Doc. 8 at 5.) Based on that, further leave to amend was deemed futile and the amended complaint was dismissed without leave to amend. Judgment was entered the same day. (Doc. 9.)

King waited until December 15, 2025, to file a "Motion for Leave to File Second Amended Complaint." (Doc. 10.) On December 17, 2025, the court denied that motion stating judgment had been entered so "the only way for litigation to resume would be for King to have that judgment set aside." (Doc. 12 at 1-2.) For unexplained reasons, King then

waited three months to file a Rule 60 motion. (Doc. 13.)

King identifies his motion as brought under Rule 60(b)(1). (Doc. 13 at 1.) According to King, the judgment "resulted from excusable neglect and/or mistake in understanding the rigorous pleading standards" that led to the entry of judgment. (Doc. 13 at 1.) King argues his failure to include sufficient factual allegations "was not a willful disregard of court orders or rules, but rather an unintentional oversight born from a layman's interpretation of complex legal requirements." (Doc. 13 at 3.)

Accepting King's motion as brought under Rule 60(b)(1), that rule "allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). Assuming failure to understand and follow pleading requirements might qualify as "excusable neglect," the court must consider four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004). No one factor is dispositive and "[the determination of whether a party's neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (simplified). Here, two factors weigh in favor of King's motion while two factors weigh against.

The first factor requires assessing what prejudice the non-moving party would suffer if relief were granted. Defendant has not appeared and would suffer no obvious prejudice if the judgment was set aside. Similarly, the fourth factor requires determining whether King has acted in good faith. There is no evidence King's failures were the result of bad faith, so that factor also supports granting relief. But the other two factors doom King's request.

The length of delay weighs against granting relief. Judgment was entered on November 5, 2025, and King provides no explanation for waiting four months to seek

relief. He did attempt to amend his complaint in December 2025, but that motion was denied shortly after filing. After that denial, King then waited three more months to file his Rule 60 motion. With no explanation for his delay, this factor supports denying the motion.

The "reason for delay" also weighs against granting relief. Pro se litigants such as King "are not excused from following court rules." *Briones*, 116 F.3d at 382. And although the court must construe pro se complaints liberally, that "does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022). The court construed King's original complaint liberally, but it did not state any claim for relief. The court gave King clear instructions on what he needed to include in an amended complaint. King's amended complaint, construed liberally, still did not state any plausible claim for relief. And after King's second attempt was dismissed, he waited months to seek additional relief without explaining why. The "reason for delay" factor supports denying the motion.

Considering "all relevant circumstances," King is not entitled to relief under Rule 60(b)(1). *Briones*, 116 F.3d at 382 (simplified). But King's motion could also be construed as a request for relief under Rule 60(b)(6). That rule "allows a court to grant relief for 'any other reason that justifies relief.'" *Ratha v. Rubicon Res., LLC*, 168 F.4th 541, 561 (9th Cir. 2026) (quoting Rule 60(b)(6)). Relief under this rule is appropriate "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (simplified). To meet this demanding standard, a party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Id.* (simplified).

King has not established extraordinary circumstances. He has not identified the "circumstances beyond his control" that prevented him from amending his complaint as the court explained in the order dismissing the original complaint. In addition, King has not explained the delay in seeking relief after judgment was entered. King is not entitled to relief under Rule 60(b)(6).

Accordingly,

**IT IS ORDERED** the Motion for Relief from Judgment (Doc. 13) is **DENIED**.

Dated this 30th day of March, 2026.

Honorable Krissa M. Lanham
United States District Judge